## GEORGE A. CAMP *vs*. CITY OF MINNEAPOLIS.

### June 15, 1885.

Minneapolis—Consolidation with St. Anthony—Force of Previous Ordinances.—Sp. Laws 1872, *c*. 10, *subc*. 8, § 8, (the act consolidating the cities of St. Anthony and Minneapolis,) did not have the effect to extend the ordinances then in force of each of the two former cities over the new city, but simply preserved such ordinances with the same force and effect and territorial operation as they then had, until they should be changed by the council of the new city.

On April 19, 1870, the city council of St. Anthony duly passed an ordinance relating to the width of sidewalks and the planting of shade trees, in which it was provided that in streets eighty feet wide, twenty feet in width on each side should be reserved for sidewalks, and that on this space of twenty feet, at specified places, the property owners might plant shade trees and protect them by fences while young. By Sp. Laws 1872, *c*. 10, the two cities, St. Anthony and Minneapolis, were consolidated into the present city of Minneapolis, the consolidating act providing that "all ordinances heretofore made and established by" the councils of the two cities "shall be and remain in force until altered, modified, or repealed by the city council of said city, after this act shall have taken effect."

Plaintiff is the owner of certain lots which are within the limits of the city of Minneapolis as it existed before the consolidation, and which front on a street eighty feet in width. In 1874, the then owner of these lots planted shade trees in front of them in the manner prescribed by the above-mentioned ordinance, which trees became of

great value to the property. In 1884 these trees were cut down by the defendant without the consent of the plaintiff.

Plaintiff, setting out the above facts in his complaint, and also alleging that by the passage of the consolidation act the ordinance of the city of St. Anthony had been extended in its operation over the city of Minneapolis, and that by purchase of said lots he had acquired the title to the shade trees, brought this action in the district court for Hennepin county, to recover damages for the alleged wrongful cutting down of the trees by the defendant, and he appeals from an order by *Lochren*, J., sustaining a demurrer to the complaint.

*Babcock & Davis* and *Wilson & Lawrence*, for appellant.

*Judson N. Cross* and *Frank H. Carleton*, for respondent.

GILFILLAN, C. J. In the act consolidating the cities of St. Anthony and Minneapolis is this provision, (Sp. Laws 1872, c. 10, *subc.* 8, § 8:) "All ordinances and resolutions heretofore made and established by the city council of the city of St. Anthony, or by the common council of the city of Minneapolis, not inconsistent with the provisions of this act, shall be and remain in force until altered, modified, or repealed by the city council of said city, after this act shall have taken effect." The plaintiff contends that this had the effect of extending the operation of the ordinances then in force of each of the former cities over the entire territory of the new city; that is, that the ordinances of the former city of St. Anthony became of force within the territory of the former city of Minneapolis, and the ordinances of the latter became of force within the territory of the former. The language of the act hardly indicates this. The words "shall remain in force" rather suggest that the operative force and effect of the ordinances of the former cities should remain the same and unchanged, until a change should be made by the new city council,—that is, that the ordinances of St. Anthony should remain in force precisely as before, their operation before that being confined to the territory constituting the former city of St. Anthony,—and that the ordinances of the former city of Minneapolis should continue in force in the territory which had been within that former city. Had it been the intention to extend the operation of the ordinances of each of the former cities over and make them apply to the new city, apt words to express the

intention would have suggested themselves. These words do not express it. Had the intention been expressed, it would have been singular legislation, and might have been productive of great confusion. The ordinances of the two old cities might be utterly inconsistent with each other. Would each set of inconsistent ordinances be in force at the same time over the same territory? Thus, the record shows a general ordinance of the city of St. Anthony that there should be reserved for sidewalks, on each side of streets, 20 feet wide upon streets 80 feet in width, and 13 feet wide on streets 66 feet in width, and permitting persons to plant shade trees on a designated part of the reserved strip, and to erect temporary fences to protect them. Suppose a general ordinance of Minneapolis prescribing a different width to the part reserved for sidewalks, and prohibiting the planting of shade trees and the erecting of fences thereon, which ordinance would have been the law of the new city? There might have been, and probably were, many instances of such inconsistencies. It cannot be supposed, certainly not from the language here used, that the legislature intended to incur the risk of bringing about such confusion as would necessarily have arisen from an attempt to make inconsistent ordinances the rule over the entire city. No such objection could be made to doing what the legislature did—preserve the ordinances of each of the old cities with the same territorial operation as before, until changed by the new council.

Order affirmed.